IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00119-GCM
(3:99-cr-00051-GCM-1)

| | |
|---|---|
| ADAM TRUESDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255, and the Government's Response in support of the motion to vacate. For the reasons that follow, Petitioner's § 2255 motion to vacate will be granted.

I. BACKGROUND

On October 29, 1999, Petitioner was convicted by a jury on one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count 1); one count of possession of ammunition by a felon, also in violation of § 922(g) (Count 2); and one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count 3). After examining Petitioner's presentence report ("PSR"), the Court found that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), and he was sentenced to a term of 262-months' imprisonment.[1] Petitioner did not appeal.

---

[1] Petitioner was convicted in North Carolina on two counts of common law robbery and one count of possession with intent to sell or deliver cocaine. (3:99-cr-00051, Doc. No. 33: PSR ¶¶ 19, 31, 32, 36).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal and he relies on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.

Under the Armed Career Criminal Act ("ACCA"), as codified in 18 U.S.C. § 924(e), a defendant that is convicted of § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison. Id. § 924(e)(2)(A)(ii).[2]

In its Response, the Government concedes that Petitioner is entitled to sentencing relief because his North Carolina conviction for the sale or delivery of cocaine no longer qualifies as a "serious drug offense" under the ACCA following the Fourth Circuit's opinion in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). In Newbold, the Court applied its en banc holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in which the Court held that in order to determine the maximum sentence that a defendant faces under North Carolina law, the sentencing court must examine the record of the particular defendant before the court and not a hypothetical defendant with the worst possible criminal record.[3]

Petitioner was sentenced on his conviction for the sell or delivery of cocaine under the provisions of North Carolina's Fair Sentencing Act ("FSA") which carried presumptive and maximum terms of imprisonment.[4] In order to impose the maximum term of imprisonment, the FSA required the sentencing court to make aggravating findings. See Newbold, 791 F.3d at 461 (explaining sentencing under the FSA). In the present case, the Government notes that the holding in Newbold, among other authority, demonstrates that Petitioner's conviction for the sell or delivery of cocaine, for which he was sentenced to a term of 8-years in prison, no longer qualifies as a serious drug offense under the ACCA because the State court judgment reflects

---

[2] Because the Court finds an alternative ground to grant relief, it does not reach Petitioner's argument that his North common law robbery convictions no longer qualify as "violent felonies."

[3] In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).

[4] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461.

3

that the sentencing court made no aggravating findings, thus there is no indication in the record that Petitioner faced a maximum term of ten years or more in prison. (3:16-cv-00119, Doc. No. 3: Government's Response at 3-5; Doc. No. 4-1: State Judgment).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that a petitioner has one year from the date his judgment becomes final to file a petition for collateral relief. 28 U.S.C. § 2255(f)(1). Petitioner's judgment became final in 2000, therefore his § 2255 motion is untimely as it was not filed until March 9, 2016. However, the Government has waived any reliance on the defense of the statute of limitations and agrees that Petitioner is entitled to be resentenced because he no longer has three qualifying, predicate convictions under the ACCA. See Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) (finding abuse of discretion in ignoring deliberate waiver of limitation defense).

The Court finds that Petitioner's conviction for the sell or delivery of cocaine no longer qualifies as a serious drug offense under the ACCA, and he therefore no longer he has three predicate offenses to support his sentence as an armed career criminal. Without the ACC designation, Petitioner faced a maximum sentence of 10 years in prison and as the parties note, Petitioner has already served more than 120 months and Petitioner should therefore be entitled to time served. Based on the foregoing, the Court finds that Petitioner is entitled to relief from his sentence and his § 2255 motion to vacate will be granted.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate his sentence is **GRANTED**. (Doc. No. 1).
2. Petitioner's sentence is **AMENDED** to a term of time served. Petitioner's Judgment

shall remain in full force and effect in all other respects. [Criminal Case 3:99-cr-00051, Doc. 24].

3. The Federal Bureau of Prisons is **DIRECTED** to release Petitioner within ten (10) days from receipt of this order.

4. The Clerk of Court is directed to certify copies of this Order to Petitioner's counsel, the U.S. Attorney, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: May 12, 2016

Graham C. Mullen
United States District Judge